UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TITO LOPEZ,

        Plaintiff,

v.

J. NICHOLS, et al.,

        Defendants.

Case No. 21-cv-06521-JSW

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; DENYING MOTION TO STAY**

Re: Dkt. Nos. 15, 16

## INTRODUCTION

Plaintiff is a California prisoner. Proceeding pro se, he filed this civil rights action under 42 U.S.C. § 1983 against prison officials, claiming that they violated his Eighth Amendment rights by failing to adequately address his abdominal pain. Defendants filed a motion for summary judgment on exhaustion grounds. Plaintiff has not opposed the motion, although he was cautioned about the potential consequences of non-opposition. For the reasons discussed below, Defendants' motion is GRANTED.

## BACKGROUND

Plaintiff alleges that in January 2021, he told Correctional Officers Callison, Nichols, and Sullivan that he was suffering abdominal pain, but they did not summon emergency medical care. He alleges that Nichols told him to fill out a medical request form, that Nichols, Callison, and Sullivan all arranged for him to be taken to the prison medical clinic.

## DISCUSSION

**I.**    **Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the

case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Ibid*.

A district court may not grant a motion for summary judgment solely because, as is the case here, the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). The court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1029 (9th Cir. 2001). A verified complaint, such as the complaint filed here, may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

**II.  Discussion**

Exhaustion must ordinarily be decided in a summary judgment motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. *Id*.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

United States District Court
Northern District of California

1  available are exhausted." 42 U.S.C. § 1997e(a).  Compliance with the exhaustion requirement is
2  mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40
3  & n.5 (2001).  The PLRA exhaustion requirement requires proper exhaustion.  *Woodford v. Ngo*,
4  548 U.S. 81, 92 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and
5  other critical procedural rules because no adjudicative system can function effectively without
6  imposing some orderly structure on the course of its proceedings."  *Id.* at 90-91 (footnote omitted).

The CDCR provides its inmates the right to administratively grieve and appeal "applied health care policies, decisions, actions, conditions, or omissions that have a material adverse effect on their health or welfare." 15 Cal. Code Regs. § 3999.226(a).[1]  At the time of the events alleged here and for the type of health-care issues about which Plaintiff complains, inmates must use a form CDCR-602 HC.  15 Cal. Code Regs. § 3999.227.  At the first level, the inmate completed Section A of the form CDCR-602 HC to describe the specific complaint that relates to his health and submits the form to the Health Care Grievance Office.  *Id.* at § 3999.227(b).  If dissatisfied with the disposition of the grievance at the institutional level, the inmate may appeal the disposition by completing Section B of the form CDCR 602 HC and submitting the package to the Health Care Correspondence and Appeal Branch (HCCAB) at CDCR headquarters.  *Id.* at § 3999.229(a).[2]  A substantive decision at the headquarters level exhausts CDCR's administrative remedies.  (Monroy Decl. at ¶ 4; Mosely Decl. at 5).

There is no dispute that Plaintiff has not filed any administrative grievance regarding the events complained of here.  All appeals and grievances the CTF Grievance Office receives—even those that are rejected, canceled, or fail to comply with applicable CDCR regulations—are assigned a log number and are recorded in a CDCR maintained database.  (Monroy Decl. at ¶ 7.)  The CDCR has no record of any grievance filed by Plaintiff since January 2021, when he first complained to Defendants about his abdominal pain.  There is also no dispute that the grievance

---

[1] The regulations regarding inmate health care appeals were renumbered, effective August 6, 2018.

[2] The grievance process changed in January 2022, such that all grievances are now reviewed by a centralized screening team who identifies each claim within each grievance. (Monroy Decl. at ¶ 4.)  The institution's grievance office still receives, logs, and processes grievances submitted at the institution. (*Id.*)

process was available to him.  He had filed administrative grievances previously, including one in August 20201, only four months before the events complained of here.  There is no evidence that the administrative grievances were any less available to him in January 2021 than they were in August 2020.  Accordingly, there are no triable issues as to whether Plaintiff exhausted his available administrative remedies on the claim he raises here, and the undisputed evidence shows that he did not.

## CONCLUSION

Defendants' motion for summary judgment is GRANTED.  The complaint is DISMISSED without prejudice to filing in a new action after Plaintiff has properly exhausted his claims.  In light of this conclusion, the motion to stay discovery is DENIED as unnecessary.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: April 28, 2022

JEFFREY S. WHITE
United States District Judge